# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TAYVION POSEY, | ) |
| Plaintiff, | ) Case No.: 2:23-cv-01936-GMN-BNW |
| vs. | ) |
| | ) **ORDER GRANTING MOTION TO** |
| LAS VEGAS METROPOLITAN POLICE | ) **DISMISS** |
| DEPARTMENT, | ) |
| Defendant. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendant Las Vegas Metropolitan Police Department. Plaintiff Tayvion Posey filed a Response, (ECF No. 10), to which Defendant filed a Reply, (ECF No. 12).

Also pending before the Court is Plaintiff's Motion for Leave to File a Sur-Reply, (ECF No. 13).

For the reasons discussed below, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motion for Leave to File a Sur-Reply[1] because Plaintiff has not shown exception or extraordinary circumstances warranting a sur-reply.

## I. BACKGROUND

This case arises from Plaintiff's contention that Defendant arrested him without probable cause on September 4, 2021, and impermissibly seized his iPhone the next day. (*See generally* Compl., Ex. 1 to Pet. Removal, ECF No. 1). Plaintiff contends that his arrest was improperly based on hearsay, that no arrest warrant was presented to him on the day of the arrest, and that no search warrant was ever obtained. (*Id.* at 2). Plaintiff appeared in Justice Court on

---

[1] The Court has reviewed the arguments Plaintiff intends to make in his proposed sur-reply and notes that the arguments presented would not have altered the Court's conclusion regarding Defendant's Motion to Dismiss.

September 5, 2021, where he made his initial appearance and posted a surety-bond.[2] Plaintiff was ultimately charged with assault with a deadly weapon, carrying a concealed weapon, and felon in possession of a firearm. (Compl. at 2). These charges were dismissed in March 2023. (*Id.*).

On September 25, 2023, Plaintiff filed this lawsuit in the Eighth Judicial District Court of Nevada, alleging claims for false arrest in violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983, and intentional infliction of emotional distress and defamation under Nevada law. (*See generally id.*). Defendant then removed this action under federal question jurisdiction, (Pet. Removal, ECF No. 1), and filed the present Motion to Dismiss, (ECF No. 6).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2] The Court *sua sponte* takes judicial notice of the publicly available docket of the Justice Court in *State of Nevada v. Tayvion Posey*, No. 21-cr-041378 (filed Sept. 4, 2021), https://lvjcpa.clarkcountynv.gov/Anonymous/CaseDetail.aspx?CaseID=13594463 (last visited Apr. 3, 2024); *see Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (explaining that courts "may take judicial notice of undisputed matters of public record," including filings in federal or state courts); Fed. R. Evid. 201(c), (d) (a court "may take judicial notice on its own" at any stage of the proceeding).

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

///

///

///

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's claim for Fourth Amendment false arrest, arguing it is barred by the relevant two-year statute of limitation. (*See generally* Mot. Dismiss). Specifically, Defendant contends Plaintiff's false arrest claim accrued on September 4, 2021, the date of his arrest, but he failed to initiate this action until September 25, 2021, more than two years later. (*Id.*). In response, Plaintiff contends his claim is timely because it did not accrue until his criminal charges were dismissed, and in the alternative, he is entitled to equitable tolling during the pendency of his underlying criminal case. (Resp. 2:1–3:19, ECF No. 10).

The statute of limitations in a § 1983 suit is determined by reference to state law and the limitation period provided therein. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (1998). The United States Supreme Court has held that the applicable statute of limitations for § 1983 actions such as this one is the state statute of limitations for personal injury claims. *See, e.g., Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985). The statute of limitations for personal injury actions in Nevada is found in NRS 11.190(4)(e) which states in pertinent part that a claim must be brought "[w]ithin 2 years [for] an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another . . . ."

Although the length of the limitations period is determined under state law, federal law determines when that period begins to accrue. *See Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994). An accrual analysis begins with identifying "'the specific constitutional right'" alleged to have been infringed. *Manuel v. Joliet*, 580 U.S. 357, 370 (2017) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Under the Supreme Court's decision in *Wallace v. Kato*, "the statute of limitations upon a [§] 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal

process." 549 U.S. 384, 397 (2007).  The Supreme Court explained that "once [a plaintiff] . . . is bound over by a magistrate or arraigned on charges," any unlawful detention that follows "forms part of the 'entirely distinct' tort of malicious prosecution[.]" *Id.* at 389–90.  The plaintiff in *Wallace*, asserted a Fourth Amendment claim for a wrongful arrest after a state appellate court found no probable cause for his arrest and reversed his conviction. *Id.* at 387.  The city of Chicago argued that the plaintiff's lawsuit had been filed too late, but the plaintiff insisted that his wrongful arrest claim accrued when he was released from custody and was therefore timely. *Id.* at 391.  The Supreme Court held that the statute of limitations on the plaintiff's wrongful arrest claim "commenced to run when the plaintiff appeared before the examining magistrate and was bound over for trial." *Id.*  The Supreme Court reasoned that no justification for deferred accrual or tolling existed because the plaintiff could file suit after his arrest, and the district court could stay a § 1983 case until the criminal case ends to afford adequate protection to the plaintiff's rights. *Id.* at 394.

Prior to *Wallace*, the rule in the Ninth Circuit for a § 1983 action "alleging illegal search and seizure of evidence upon which criminal charges are based" was that such a claim "did not accrue until the criminal charges have been dismissed or the conviction overturned." *Mills v. City of Covina*, 921 F.3d 1161, 1166 n.1 (9th Cir. 2019) (citing *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000)).  In *Mills*, the Ninth Circuit explained that "the deferred accrual rule we previously announced in *Harvey* for Fourth Amendment claims . . . is 'clearly irreconcilable' with *Wallace*'s holding[.]" *Id.*  Thus, the court held, the "deferred accrual rule has been 'effectively overruled' and is no longer good law." *Id.*

However, the Ninth Circuit in *Mills* interpreted *Wallace* as holding that a Fourth Amendment claim for false arrest accrues on the date of the arrest, *see Mills*, 921 F.3d at 1166, not, as the Supreme Court stated in *Wallace*, when "the plaintiff appeared before the examining magistrate and was bound over for trial." 549 U.S. at 384.  Relying on other language in

*Wallace*, the Ninth Circuit held in *Mills* that a false arrest or imprisonment claim accrues "when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Id.* at 1166 (quoting *Wallace*, 549 U.S. at 388). Thus, the court held, because the plaintiff in *Mills* "had complete and present causes of action" for his false arrest and other claims "when he was subjected to a search in violation of the Fourth Amendment . . . those claims accrued at that time." *Id.*

Contrary to Plaintiff's position in this case, *Wallace* considered and expressly declined to adopt a tolling rule while the defendant challenges his criminal charges. Applying *Wallace* and *Mills*, Plaintiff's false arrest claim accrued either at the time of his arrest on September 4, 2021, *Mills*, 921 F.3d at 1166, or on the date he was arraigned. *Wallace*, 549 U.S. at 391. It is clear Plaintiff's claim is time-barred applying the date of his arrest. The remaining question is whether Plaintiff's claim is time-barred based on the date he was arraigned.

It appears Plaintiff was arraigned on September 5, 2021, when he made his initial appearance in Justice Court and posted a surety bond. However, the parties have not addressed Plaintiff's date of arraignment in their filings, and the Court cannot conclusively determine if he was arraigned on this date based on its review of the state court docket. Therefore, the Court will refrain from dismissing his false arrest claim with prejudice. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitation only when the running of the statute is apparent on the face of the complaint."). Accordingly, Defendant's Motion to Dismiss is GRANTED but Plaintiff will be given leave to amend to clarify when he was arraigned in the underlying criminal matter.

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 6), is **GRANTED**. Plaintiff shall have twenty-one (21) days of the date of this Order to file an amended complaint. Any amended complaint should remedy the deficiencies identified in this Order. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's false arrest claim with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Sur-Reply, (ECF No. 13), is **DENIED**.

**DATED** this  3  day of April, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT