**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tayvion Posey,<br><br>                Plaintiff(s),<br><br>vs.<br><br>Las Vegas Metropolitan Police Dept.,<br><br>                Defendant(s). | Case No.: 2:23-cv-01936-GMN-MDC<br><br>**REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS** |

      I was referred Defendant's Motion to Dismiss (ECF No. 29) ("Motion") per 28 U.S.C. § 636. For the reasons below, I RECOMMEND the Motion be DENIED.

**DISCUSSION**

**I.    BACKGROUND**

      This case arises from Plaintiff's contention that Defendant arrested him without probable cause on September 4, 2021, and impermissibly seized his iPhone the next day. *See generally* Compl., ECF No. 1-1.  Plaintiff initially filed his lawsuit against Defendant on September 25, 2023, in the Eighth Judicial District Court of Nevada, which Defendant subsequently removed to this Court. *See* ECF No. 1.

      Plaintiff alleges claims for false arrest in violation of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983, and intentional infliction of emotional distress and defamation under Nevada law. *See* ECF Nos. 1-1 and 27. Defendant responded to Plaintiff's initial complaint by filing a Motion to Dismiss Plaintiff's § 1983 claim for false arrest on statute of limitation grounds. *See* ECF No. 6 ("11/27/23 Motion").

      The District Judge granted Defendant's 11/27/23 Motion but granted Plaintiff leave to amend his complaint.  *See* 04/03/24 Order (ECF No. 27).  The District Judge found that Plaintiff's false arrest claim is time-barred applying the date of his arrest, but it was not clear whether the claim was barred based on Plaintiff's arraignment date.  *Id.* at 6 ("The remaining question is whether Plaintiff's claim is

1

time-barred based on the date he was arraigned."). Therefore, the District Judge gave Plaintiff an opportunity to amend his complaint "to clarify when he was arraigned in the underlying criminal matter." 04/03/24 Order at 6, ECF No. 27. Plaintiff was then tasked with amending his complaint by providing the date his arraignment took place for his September 4, 2021, arrest.

Plaintiff filed his Amended Complaint (ECF No. 28) but did not allege or identify the date of his arraignment or any specific dates for other court events. *Id.* Rather, Plaintiff included as exhibits to his Amended Complaint (ECF No. 28) copies of court records for the underlying arrest which provide dates for various court events. Among such exhibits, Plaintiff includes the court docket ("Exhibit D") which shows that, on January 4, 2022, the criminal complaint was filed against plaintiff and plaintiff completed his Initial Appearance where he was advised of the charges and waived reading of the criminal complaint. *See* ECF No. 28 at Exhibit D. Liberally construing Plaintiff's Amended Complaint (*see Erickson v. Pardus*, 551 U.S. 89 (2007)), it appears that the date of Plaintiff's arraignment was January 4, 2022. Defendant also agrees that Plaintiff's arraignment was "completed on January 4, 2022." *See* ECF No. 29 at 3.

## II.   DISCUSSION

While Defendant styles its Motion as a motion to dismiss Plaintiff's Amended Complaint, Defendant addresses only Plaintiff's §1983 false arrest claim. Defendant does not address Plaintiff's other claims for intentional infliction of emotional distress or defamation. *See* ECF Nos. 27 (04/03/24 Order) (identifying plaintiff's claims); 28 (Amended Complaint); and 29 (Motion). Thus, I only address whether Plaintiff's §1983 false arrest claim should be dismissed.

The District Judge previously determined that Plaintiff's false arrest claim is time-barred applying the date of his arrest as the accrual date of his claim pursuant to *Mills v. City of Covina*, 921 F.3d 1161 (9th Cir. 2019). *See* 04/03/24 Order, ECF No. 27. Thus, the only issue now is whether

Plaintiff's false arrest claim is time-barred based on the date he was arraigned per *Wallace v. Kato*, 549 U.S. 384, 397 (2007). *See* 04/03/24 Order, ECF No. 27.

### A.   Legal Standards

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitation only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). The statute of limitations in a § 1983 suit is determined by reference to state law and the limitation period provided therein. *See Cabrera v. City of Huntington Park,* 159 F.3d 374, 379 (1998). The United States Supreme Court has held that the applicable statute of limitations for § 1983 actions such as this one is the state statute of limitations for personal injury claims. *See, e.g., Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985). The statute of limitations for personal injury actions in Nevada is found in NRS 11.190(4)(e) which states in pertinent part that a claim must be brought "[w]ithin 2 years [for] an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another . . . ." *Id.*

Although the length of the limitations period is determined under state law, federal law determines when that period begins to accrue. *See Elliott v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994). Under *Wallace*, a §1983 claim for false arrest in violation of the Fourth Amendment accrues from the time a plaintiff appears before the judicial officer and is bound over for trial, *e.g.*, the arraignment. *Id.,* 549 U.S. at 384.

### B.   Analysis

I determine that Plaintiff's claim for false arrest accrued under *Wallace* on <u>January 4, 2022,</u> when he was apprised of the criminal complaint charges against him, was bound for trial and his

arraignment concluded. *See Lewis v. Russell,* 2012 WL 4747172, at *4 (E.D. Cal. Oct. 3, 2012) The statute of limitations for tort actions "begins to run upon the occurrence of the last event essential to the cause of action.") (quoting *Wilshire Westwood Assoc. v. Atl. Richfield Co.*, 20 Cal.App. 4th 732, 739 (2d Dist. 1993); *Sivulich-Boddy v. Clearfield City,* 365 F. Supp. 2d 1174, 1188 (D. Utah 2005) ("Generally, a cause of action accrues and the relevant statute of limitations begins to run upon the happening of the last event necessary to complete the cause of action….") (internal quotations and citation omitted). Plaintiff's Exhibit D[1] to his Amended Complaint shows, and Defendant agrees, that Plaintiff's arraignment was completed on January 4, 2022, which was the last event giving rise to Plaintiff's false arrest claim here. *See* ECF No. 28 at "Exhibit D" and ECF No. 29 at 3. Thus, Plaintiff's claim for false arrest began to run on January 4, 2022 (*see Wallace, infra*), and he had two years to file his claim under NRS 11.190(4)(e). Accordingly, Plaintiff's initial complaint (ECF No. 1-1) was timely filed under *Wallace* on September 25, 2023.

ACCORDINGLY,

**IT IS RECOMMENDED that:**  Defendant's Motion to Dismiss (ECF No. 29) be DENIED.

DATED this 13th day of December 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

---

[1] "[M]aterial which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).  Defendant does not question the authenticity or accuracy of Plaintiff's Complaint "Exhibit D."

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.